### IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K.R., a Minor, by N.F., Guardian | : | NO. |
| Plaintiff, | : | |
| v. | : | |
| | : | CIVIL ACTION |
| VISIONQUEST NATIONAL, LTD. | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

### COMPLAINT

AND NOW, comes the Plaintiff, K.R., a Minor, by N.F., Guardian, through counsel, Andreozzi & Associates, who hereby files this Complaint against the Defendant, Visionquest National, Ltd., and states as follows:

### PARTIES

1. The Plaintiff, K.R., a minor, is a 14-year-old boy who resides in Schuylkill County, Pennsylvania with his parents, including his mother and legal guardian, N.F.

2. K.R. and N.F. are identified by their initials since K.R. is a minor, this case involves K.R.'s childhood sexual abuse, publicly revealing K.R.'s identity would cause him further harm, and the Defendant is aware of K.R. and N.F.'s identities.

3. Defendant Visionquest National, Ltd. ("Visionquest") is an Arizona corporation with a registered Pennsylvania address of 150 East Pennsylvania Ave., Ste. 430, Downingtown, PA 19335, Chester County, which is within this District.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, which gives U.S. district courts jurisdiction over all civil actions between citizens of different states.

5. The Plaintiff is a citizen of Pennsylvania.

6. Defendant Visionquest National, Ltd. is an Arizona corporation.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and 1391(d), as Visionquest is a resident of this District and because Visionquest has continuous and systematic contact with this District, to include:

    a. Visionquest maintains its registered Pennsylvania office and principal place of business at 150 East Pennsylvania Ave., Suite 403, Downingtown, PA 19335, Chester County, which is in this District, and;

    b. Visionquest conducts substantial business within this District from which Visionquest derives significant revenue, including, but not limited to, the operation of a large residential facility in Philadelphia, in addition to other services in Chester County and Philadelphia.

## FACTS

8. Visionquest is a for-profit national youth services organization that provides services to at-risk youth in Arizona, Delaware, Florida, Maryland, Pennsylvania and Texas.

9. Visionquest operates a residential program known as Blue Ridge Academy (the "Academy") in Saylorsburg, Pennsylvania.

10. The Academy is designed to house juveniles with a history of sexual victimization and/or sexually inappropriate behaviors.

11. In its brief history, the Academy has struggled with incidents of sexual misconduct among its residents.

12. For example, in February 2016, an Academy resident engaged in sexually inappropriate behaviors in his bedroom in front of his roommate.

13. In response to such known sexual misconduct, Visionquest adopted policies and procedures to purportedly prevent sexual misconduct and assault at the Academy, including:

   a. Installing motion sensors in each bedroom of the facility, the purpose of which was to notify staff members on duty of any substantial movement during sleep hours, including if residents approached each others' beds;

   b. Completing 10-minute checks on all residents at the facility during sleep hours, to include visualization of residents' physical presence in their assigned rooms and beds; and,

   c. Creating vulnerability scales for each resident entering the facility to determine whether new residents faced a risk of sexual victimization, or a risk of perpetrating sexually inappropriate acts. The scale is intended to help the Academy determine the safest possible room placement at the Academy for each resident.

14. In addition, when new residents are admitted to the Academy, they are supposed to be given a health and safety plan that accounts for the risk of sexual victimization and/or offending.

## K.R.'S ABUSE AT THE ACADEMY

15. In March 2016, then thirteen-year old K.R. was placed at the Academy by Schuylkill County Children and Youth Services.

16. Despite his young age, K.R. was placed in a bedroom at the Academy with an eighteen-year old adult resident, D.N.

17. Visionquest was aware that a five-year gap in age between K.R. and D.N. would make K.R., as the younger resident, more vulnerable to sexual abuse by D.N.

18. Visionquest also knew D.N. had a history of sexually abusing other juveniles, including residents at another facility where D.N. previously resided.

19. In addition, as part of D.N.'s treatment at the Academy, D.N. was referred by the Academy to a psychiatrist in 2015 for an evaluation.

20. D.N.'s 2015 psychiatric evaluation concluded D.N. had a "high risk of reoffending," which was known to the Academy at the time D.N. and K.R. were made roommates by the Academy.

21. Visionquest thus knew it needed to closely supervise D.N. given his history.

22. Visionquest was also aware it needed to employ adequate and capable staff to perform such supervision.

23. Visionquest also, at least in theory, had policies and procedures as described above that would allow the Academy to closely supervise D.N. and K.R.

24. Visionquest, however, failed K.R. in performing its obligations.

25. Visionquest disregarded D.N.'s known history of sexual misconduct and the "high risk" that D.N. would sexually reoffend, and placed K.R. and D.N. in the same room.

26. Empowered by Visionquest's decision to place young, vulnerable K.R. in his room, D.N. sexually abused K.R. in 2016 in their shared room.

27. At the time of the abuse, Visionquest did not have in place a required health and safety plan for D.N. and/or K.R. in violation of 55 Pa. Code § 3800.142, which requires a licensed facility like the Academy to develop such a plan within 24 hours of admission of a resident.

28. After D.N. abused K.R., Visionquest did not report the incident as required by 55 Pa. Code § 3800.16(c), which mandates a licensed facility like the Academy to report to Childline within 24 hours.

29. On September 21, 2017, D.N. pled guilty to Corruption of Minors, 18 Pa.C.S. § 6301(a)(1)(i), related to his abuse of K.R. (*See* Monroe County CP-45-CR-0000311-2017).

30. D.N.'s sexual abuse, which was enabled by the Academy, caused/causes K.R. to suffer severe psychological injuries.

31. At all times relevant, Visionquest did not implement necessary policies and procedures designed to prevent the sexual abuse of residents.

## COUNT I

### Plaintiff v. Defendant Visionquest National, Ltd.

### Negligence, Incompetence, and Recklessness

32. The allegations throughout this Complaint are incorporated as if set forth at length.

33. At all times relevant, Defendant Visionquest National, Ltd. had a duty to its residents, including K.R., to protect them from harm.

34. Defendant Visionquest National, Ltd. violated its duties of care, and was negligent, reckless, and/or acted incompetently in the following ways:

   a. by failing to properly screen, interview, hire, and train employees/volunteers/contractors/agents fit to supervise residents;

   b. by failing to properly implement policies and/or procedures related to the supervision and/or housing of residents;

   c. by failing to properly train employees/volunteers/contractors/agents regarding child abuse prevention, and/or the supervision and/or housing of residents;

   d. by failing to adopt, implement, and/or enforce adequate policies and procedures related to the supervision of residents and/or child abuse prevention;

   e. by failing to inform and/or warn relevant individuals of D.N.'s history of sexual misconduct;

      f.      by making false representations regarding the safety of children entrusted to Visionquest;

      g.      by failing to properly supervise K.R. and/or D.N.;

      h.      by failing to make proper roommate choices for residents, including K.R. and/or D.N.;

      i.      by affirmatively choosing to place D.N., a sex offender with a known high risk of reoffending, in a room with K.R.;

      j.      by failing to install, maintain, and/or monitor motion detectors;

      k.      by failing to complete proper vulnerability assessments for residents, including K.R. and/or D.N.;

      l.      by failing to create proper health and safety plans for residents, including K.R. and/or D.N.;

      m.      by failing to follow the requirements set out in 55 Pa. Code § 3800, *et seq.*, and/or any other applicable local, state, and/or federal laws and/or regulations; and,

      n.      by failing to reasonably implement its policies as outlined above.

35.    As a direct and proximate result of the Defendant's actions and omissions, the Plaintiff suffered severe and permanent injuries.

WHEREFORE, the Plaintiff requests damages against the Defendant in excess of $150,000, including punitive damages, and such other relief as this Court deems appropriate.

## COUNT II

### Plaintiff v. Defendant Visionquest National, Ltd.

### Negligence *Per Se*

36.    The allegations throughout this Complaint are incorporated as if set forth at length.

37. At all times relevant, Defendant Visionquest National, Ltd. had a duty to its residents, including K.R., to protect them from harm, including by following relevant Pennsylvania law in operating the Academy.

38. 55 Pa. Code § 3800, *et seq.*, was enacted, in relevant part, to protect children like K.R. from sexual abuse in Pennsylvania licensed facilities like the Academy.

39. As a direct and proximate cause of the Academy's actions and omissions that violated 55 Pa. Code § 3800, *et seq.*, K.R. was sexually abused, resulting in damages as set forth above.

40. As a direct and proximate result of the Defendant's actions and omissions, the Plaintiff suffered severe and permanent injuries.

WHEREFORE, the Plaintiff requests damages against the Defendant in excess of $150,000, including punitive damages, and such other relief as this Court deems appropriate.

Respectfully Submitted,

**ANDREOZZI & ASSOCIATES, P.C.**

Dated: October 17, 2017

Nathaniel L. Foote, Esq. (PA #318998)
nate@victimscivilattorneys.com

111 North Front Street
Harrisburg, PA 17101
Ph: 717.525.9124 | Fax: 717.525.9143
*Attorney for Plaintiff*