# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K.R., A Minor, By N.R., Guardian | : | CIVIL ACTION |
| v. | : | |
| VISIONQUEST NATIONAL, LTD. | : | NO. 17-4689 |

## MEMORANDUM OPINION

**Savage, J.**                                                        **April 25, 2018**

In this negligence action, the plaintiff, K.R., alleges that while a resident at a facility housing juveniles with a history of sexually inappropriate behavior, he was sexually assaulted by his roommate. He avers that defendant Visionquest National, Ltd., operator of the facility, placed him in a room with the roommate who later assaulted him, despite knowing that the roommate posed a high risk of abusing children.

Visionquest moves to dismiss the complaint, arguing that it owed no duty of care to K.R. Because Visionquest was in a special relationship with K.R.'s assailant recognized by Pennsylvania law, it had a duty to protect K.R. from the assailant's dangerous propensities. Therefore, we shall deny the motion to dismiss.

## Background

In March 2016, K.R., a thirteen-year-old, was sexually assaulted by his eighteen-year-old roommate, D.N., at Blue Ridge Academy, a facility for juveniles with a history of sexual victimization and/or sexual offenses.[1] D.N. had abused other juveniles prior to

---

[1] Compl. (Doc. No. 1) ¶¶ 9–10, 15, 26. Blue Ridge Academy is operated by its parent corporation, Visionquest. *Id.* ¶ 9.

this assault. In 2015, while at Blue Ridge Academy, D.N. was evaluated by a psychiatrist who concluded he presented a "high risk of reoffending."[2]

At the time of the assault, Blue Ridge Academy had no health and safety plan for either D.N. or K.R., as required by 55 Pa. Code § 3800.142.[3] Blue Ridge Academy never reported K.R.'s incident as mandated by 55 Pa. Code § 3800.16(c).[4]

K.R. contends that Visionquest breached its duty of care to protect him from harm by failing to properly supervise D.N. and K.R.; properly hire and train employees and agents to supervise residents; enforce policies and procedures related to supervising residents and preventing misconduct; inform or warn staff of D.N.'s history of sexual misconduct and likelihood to reoffend; install and monitor motion detectors; complete vulnerability assessments for residents, including K.R. and D.N.; and, comply with relevant law and regulations, including 55 Pa. Code § 3800 *et seq.*[5] He also brings a negligence *per se* claim. K.R. contends that Visionquest's violations of 55 Pa. Code § 3800 *et seq.* were the direct and proximate cause of his sexual abuse. Moving to dismiss the complaint, Visionquest contends it had no duty to control D.N. because it had no knowledge or notice of the pending assault.

**Standard of Review**

A Rule 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint. In order to survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

---

[2] *Id.* ¶¶ 19–20.

[3] *Id.* ¶ 27.

[4] *Id.* ¶ 28.

[5] *Id.* ¶ 34.

2

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A conclusory recitation of the elements of a cause of action is not sufficient. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The plaintiff must allege facts necessary to make out each element. *Id.* (quoting *Twombly*, 550 U.S. at 563 n.8). In other words, the complaint must contain facts which, if proven later, support a conclusion that a cause of action can be established. In this case, we must determine whether the facts alleged establish that Visionquest had a duty owing K.R.

In considering a motion to dismiss under Rule 12(b)(6), we first separate the factual and legal elements of a claim, accepting the well-pleaded facts as true and disregarding legal conclusions. Then, we determine whether the facts alleged, if proven, show that the plaintiff has a plausible claim for relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

All well-pleaded allegations of the complaint must be accepted as true and interpreted in the light most favorable to K.R., and all inferences must be drawn in his favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009).

## Analysis

### *Negligence*

An essential element of a negligence cause of action is that the defendant owed the plaintiff a duty of care. *Brisbine v. Outside In Sch. of Experiential Educ., Inc.*, 799 A.2d 89, 95 (Pa. Super. 2002) (quoting *Brezenski v. World Truck Transfer, Inc.*, 755

A.2d 36, 40 (Pa. Super. 2000)). Whether a duty exists is a question of law. *Id.* (citing *Herczeg v. Hampton Twp. Mun. Auth.*, 766 A.2d 866, 871 (Pa. Super. 2001)).

As a general rule, there is no duty to control the conduct of a third party to protect another from harm. *Emerich v. Phila. Ctr. for Human Dev., Inc.*, 720 A.2d 1032, 1036 (Pa. 1998). However, the rule is not without exception. Pennsylvania has adopted § 315 of the Restatement (Second) of Torts, which imposes a duty to control a third party's conduct from causing physical harm where a special relationship exists either between the defendant and the third party whose conduct must be controlled, or between the defendant and the foreseeable victim whom the defendant has a duty to protect. Restatement (Second) of Torts § 315. Pennsylvania has limited the special relationships imposing a duty to protect one from the conduct of a third party to a parent's duty to control a child, a master's duty to control a servant, a possessor of land's duty to control a licensee, and those in charge of individuals with dangerous propensities to control those individuals. *Brisbine*, 799 A.2d at 95 (citing Restatement (Second) of Torts §§ 316–19).

The duty in this case arises from Visionquest's special relationship with D.N., the person whose conduct needed to be controlled to protect K.R. Restatement (Second) of Torts § 319. Section 319 of the Restatement addresses the circumstances in which this special relationship imposes a duty to protect a third party. It provides that "[o]ne who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm." *Id.* The duty arises in two situations. One "involves an actor who has charge of one or more of a class of

4

persons to whom the tendency to act injuriously is normal." *Brisbine*, 799 A.2d at 93 (internal quotation marks omitted) (quoting Restatement (Second) Torts § 319 cmt. a). The other "occurs when an actor has charge of a person who has a 'peculiar tendency' to act injuriously 'of which the actor from personal experience or otherwise knows or should know.' " *Id.* (quoting Restatement (Second) Torts § 319 cmt. a).

Visionquest contends that it had no special relationship with D.N. giving rise to a duty to protect K.R.[6] Alternatively, it argues that even if it had a special relationship with D.N., the assault on K.R. was unforeseeable. It contends that there was no specific and imminent threat from D.N. clearly directed at K.R; and, in the absence of any specific threat, the assault could not have been reasonably foreseen.[7]

Visionquest, through Blue Ridge Academy, is in charge of juvenile residents with histories of sexual victimization or inappropriate sexual behavior. D.N., one of the residents, had a documented history of sexual misconduct. Visionquest knew D.N. had dangerous tendencies prior to his assaulting K.R. Indeed, its own psychiatrist concluded, after examining D.N., that he was a high risk to others. Thus, K.R. has sufficiently alleged that Visionquest was in a special relationship with D.N., creating a duty to protect foreseeable victims from D.N.'s known dangerous propensities. Restatement (Second) of Torts § 319.

Visionquest does not deny that K.R. alleges that it knew of D.N.'s history of sexual abuse of other juveniles and a psychiatric evaluation had found he was at a "high risk of reoffending." Instead, Visionquest seeks to escape liability because there is no

---

[6] Mot. to Dismiss (Doc. No. 8) at 3–5, ECF 7–9.

[7] *Id.* at 5–6, ECF 9–10.

allegation of a specific and immediate threat made against K.R. In other words, it argues the harm to K.R. was not foreseeable.[8]

If a defendant stands in the special relationship described in Restatement § 319, he may be found negligent only if a reasonable person should have foreseen the risk of harm to the injured party, or if the harmful consequences could have been prevented by the exercise of reasonable care. *See Althaus*, 756 A.2d at 1169. A jury, after considering all the facts, could reasonably conclude that it was foreseeable that an eighteen-year-old with a history of sexual misconduct involving younger males, whom a psychiatrist had identified as presenting "a high risk of reoffending," would sexually assault his thirteen-year-old roommate. Thus, K.R. has alleged sufficient facts to state a cause of action for negligence.

## *Negligence* Per Se

To state a negligence *per se* claim, the plaintiff must assert that: (1) the statute or regulation applies to the conduct of the defendant; (2) the defendant violated the statute or regulation; (3) the violation of the statute or regulation proximately caused his injuries; and (4) the statute or regulation's purpose is, at least in part, to protect his interest individually, as opposed to the public. *Mest v. Cabot Corp.*, 449 F.3d 502, 518 (3d Cir. 2006) (citing *Wagner v. Anzon, Inc.*, 684 A.2d 570, 574 (Pa. Super. 1996)). K.R. has done so.

Visionquest contends that the alleged violations of 55 Pa. Code § 3800 *et seq.* did not proximately cause K.R.'s injuries. It points out that failing to report K.R.'s

---

[8] *Id.* at 8, ECF 12.

assault, as § 3800.16(c) required it to do, could not have caused the assault.[9] Visionquest also contends that its failure to have a health and safety plan for K.R. and D.N. did not cause the assault. Visionquest argues that compliance with § 3800.142 would not have put the company on notice of the impending sexual assault of K.R.[10]

We agree that the failure to report the assault is not relevant because it could not have caused the incident. However, at this stage, it is not clear whether Visionquest's failure to have a health and safety plan as required by § 3800.142 proximately caused the assault.

Section 3800.141 requires child residential facilities to adopt a written health and safety plan for all children within twenty-four hours of admission. 55 Pa. Code § 3800.141(a). The assessment must include information regarding "[s]exual history or behavior patterns that may place the child or other children at a health or safety risk." *Id.* § 3800.141(c)(5). If the assessment identifies a health or safety risk, including those listed in § 3800.141, "a written plan to protect the child shall be developed and implemented within 24 hours after the assessment is completed." *Id.* § 3800.142.

Here, Visionquest concedes that there was no health and safety assessment in place for either D.N. or K.R. Viewing the allegations in the light most favorable to K.R., the failure to identify and plan for D.N.'s known history of sexual misconduct could be a proximate cause of K.R.'s injuries. In other words, a jury could reasonably conclude that the assault could have been prevented had a safety plan been in place. Thus, K.R.

---

[9] Mot. to Dismiss at 9, ECF 13.

[10] *Id.* at 10, ECF 14.

states a claim for negligence *per se* against Visionquest for violating 55 Pa. Code §§ 3800.141(c)(5), 3800.142.

*Punitive Damages*

We decline to dismiss the claim for punitive damages at this stage because it is for the fact finder to determine whether Visionquest's failures, assuming the jury finds them, rise to the level warranting punitive damages. *SHV Coal, Inc. v. Cont'l Grain Co.*, 587 A.2d 702, 705 (Pa. 1991) ("The determination of whether a person's actions arise to outrageous conduct lies within the sound discretion of the fact-finder.").

## Conclusion

K.R. has alleged causes of action for negligence under § 319 of the Restatement (Second) of Torts and negligence *per se*. Therefore, we shall deny the defendant's motion to dismiss.